**LOCAL UNION 1397, UNITED STEEL-WORKERS OF AMERICA, AFL–CIO, Ronald Weisen, Thomas Jugan and Thomas Katona, Plaintiffs,**

v.

**UNITED STEELWORKERS OF AMERI-CA, AFL–CIO, Defendants.**

Civ. A. No. 83–2888.

United States District Court, W.D. Pennsylvania.

March 1, 1984.

⊸773

Arthur Z. Schwartz, Hall, Clifton & Schwartz, New York City, Joseph S. Hornack, Abes & Begler, P.C., Pittsburgh, Pa., for plaintiffs.

Bruce A. Miller, William A. Wertheimer, Miller, Cohen, Martens & Sugerman, P.C., Detroit, Mich., Carl B. Frankel, Paul V. Whitehead, Pittsburgh, Pa., for defendants.

## OPINION

MENCER, District Judge.

■ In *DelCostello v. Teamsters,* —— U.S. ——, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983), the U.S. Supreme Court held that the six-month limitations period contained in § 10(b) of the National Labor Relations Act, 29 U.S.C. § 160(b) (1959) (§ 10(b)), applies to actions by employees alleging that their union has breached its duty of fair representation.[1] Plaintiffs in the instant case, a union local and several of its members, allege that the United Steelworkers

---

**1.** The Court also held that the same six-month period applies to § 301(a) actions by employees against their employers, at least when the two actions are brought together (hybrid action). We do not believe that *DelCostello* extends only to hybrid actions. That holding reaches pure breach-of-duty actions as well. While an em-

ployee's independently brought action against his employer may be subject to a limitations period other than that in § 10(b), breach-of-duty claims may not. *See Erkins v. United Steelworkers of America,* 723 F.2d 837, 838–39 (11th Cir. 1984).

of America (USW), with which all plaintiffs are affiliated, violated their rights under the Labor-Management Reporting and Disclosure Act, 29 U.S.C. §§ 401–531 (1959) (LMRDA). The USW has moved to dismiss plaintiffs' complaint, asserting that time bars the action. Defendant's motion presents the court with a novel issue: whether *DelCostello* affects the limitations period applicable to actions under the LMRDA.

The allegations in plaintiffs' complaint, if proven, would amount to violations of the LMRDA, specifically 29 U.S.C. §§ 411(a)(1)–(2), (4)–(5), 529 (1959). Accordingly, jurisdiction exists pursuant to 29 U.S.C. § 412 (1959).

## A. Background

No provision in the LMRDA limits the period during which actions may be brought under that act. In assessing the timeliness of an LMRDA claim, federal courts have long been guided by the limitations period applicable to the most analogous claim under the forum state's law. *See Sewell v. Grand Lodge of Int'l Ass'n of Machinists*, 445 F.2d 545, 548–50 (5th Cir.1971), *cert. denied*, 404 U.S. 1024, 92 S.Ct. 674, 30 L.Ed.2d 674 (1972). The limitations period governing the most analogous claim under Pennsylvania law, the tort of interference with business relations, is six years. *Harrison v. AFL–CIO*, 452 F.Supp. 102 (E.D.Pa.1978).

Recently, several courts have applied the six-month § 10(b) limitations period to LMRDA claims. *See Linder v. Berge*, 567 F.Supp. 913 (D.R.I.1983) (post-*DelCostello*); *Adkins v. General Motors Corp.*, 573 F.Supp. 1188 (S.D.Ohio 1983) (pre-*DelCostello*); *Bigbie v. Local 142*, 114 L.R.R.M.

(BNA) 2468 (N.D.Ill.1983) (pre-*DelCostello*). This development can be traced to Justice Stewart's separate opinion in *United Parcel Service v. Mitchell*, 451 U.S. 56, 65–71, 101 S.Ct. 1559, 1565–68, 67 L.Ed.2d 732 (1981) (Stewart, J., concurring in the judgment).

In *Mitchell*, the U.S. Supreme Court held that as between the ninety-day state limitations period for actions to vacate arbitration awards and the six-year state limitations period for breach of contract, the shorter period applied to an employee's hybrid action against his employer and his union.[2] Plaintiff's action in *Mitchell* was time barred. Justice Stewart agreed with the majority of the Court that the limitations period had elapsed. He opined, however, that the relevant period was six months as provided by § 10(b). Justice Stewart reasoned that national uniformity, the promotion of stability through speedy and final resolution of labor disputes, and a clear congressional indication of the proper balance between the interests at stake supported application of the § 10(b) period. *Id.* at 69–71, 101 S.Ct. at 1567–68.

Justice Stewart's rationale was adopted in *Badon v. General Motors Corp.*, 679 F.2d 93, 99 (6th Cir.1982) (hybrid action), and *Hall v. Printing and Graphic Arts Union*, 696 F.2d 494, 505 (7th Cir.1982) (breach-of-duty action). Those courts applied the § 10(b) limitations period.[3] As intimated above, the current trend is to analogize actions under the LMRDA to the breach-of-duty action. Accordingly, § 10(b) has been held to be applicable to LMRDA suits. *Adkins*, 573 F.Supp. 1188; *Bigbie*, 114 L.R.R.M. (BNA) 2468. Against this background the Court decided *DelCostello*. Most recently, the court in *Linder*, 567

---

**2.** Plaintiff in *Mitchell* alleged that his employer improperly discharged him and that his union breached its duty of fair representation. New York law governed on the limitations issue. The Court did not address the applicability of § 10(b) because of the limited scope of the petition for certiorari. *See* 451 U.S. at 60 n. 2, 101 S.Ct. at 1562–63 n. 2.

**3.** Neither court disregarded *Mitchell* in reaching their results. In *Badon,* the court concluded

that because Michigan law provided no guidance as to the appropriate limitations period, reference to § 10(b) was proper. 679 F.2d at 99. In *Hall,* the court noted that *Mitchell* did not preclude the application of the § 10(b) period, but rather expressly reserved the issue of § 10(b)'s applicability because that issue was beyond the scope of the petition for certiorari. 696 F.2d at 505.

F.Supp. 913, concluded, without discussion, that the policy and reasoning underlying *DelCostello* applied to LMRDA actions and that § 10(b) was the appropriate limitations period for such actions. *Id.* at 917.

### B. Discussion

The *DelCostello* Court stressed that its holding "should not be taken as a departure from prior practice" of borrowing state limitations periods in the area of labor law. The Court also indicated, however, that "when a rule from elsewhere in federal law clearly provides a closer analogy than available state statutes, and when the federal policies at stake and the practicalities of litigation make that rule a significantly more appropriate vehicle for interstitial lawmaking," the federal rule should be applied without hesitation. *DelCostello* 103 S.Ct. at 2294. Resolving the issue of whether *DelCostello* affects the limitations period applicable to actions under the LMRDA, therefore, requires the court to determine the federal policies at stake in a LMRDA suit and, considering those policies, to find the state or federal action most closely analogous to a LMRDA claim.

The LMRDA provides that "[e]very member of any labor organization shall have equal rights and privileges within such organization" and its government. 29 U.S.C. § 411(a)(1) (1959). The act also protects a labor group member's rights to speak against, to sue, and to lawfully assemble a dissident faction of the labor organization free from fear of formal recourse by the union. 29 U.S.C. § 411(a)(2), (4) (1959). The LMRDA further safeguards union members against improper disciplinary action. 29 U.S.C. §§ 411(a)(5), 529 (1959). The federal policies at stake in a LMRDA suit parallel the policies Congress sought to further by enacting a comprehensive body of labor law. *See* 29 U.S.C. § 401 (1959).

Section 10(b) establishes a six-month period for making charges of unfair labor

practices to the National Labor Relations Board (NLRB). If the family resemblance between unfair labor practice charges and actions for breach of duty of fair representation is undeniable, *see DelCostello*, 103 S.Ct. at 2293, then LMRDA claims belong to the same family. Breach-of-duty cases, as well as unfair labor practice charges, typically involve unfair, arbitrary or discriminatory treatment of workers. Many breach-of-duty claims, for example, include allegations of discrimination based on membership status or dissident views. Such allegations, if proven, would also support a charge of unfair labor practice under 29 U.S.C. § 158(a)(1), (2) (1974). *See id.* at 2293–2294. Those allegations also state a claim under the LMRDA. *See* 29 U.S.C. § 411(a)(2) (1959). Conduct actionable under the LMRDA, therefore, is closely analogous to, and substantially overlaps with, conduct actionable as a breach of duty or an unfair labor practice.

Comparison of the LMRDA claim with an action for tortious interference with business relations does not produce such a precise fit. *See Harrison*, 452 F.Supp. at 106. Indeed, tort law may not even protect a disrupted relationship within a union. *Id.* (citing *George A. Davis, Inc. v. Camp Trails Co.*, 447 F.Supp. 1304, 1308–12 (E.D. Pa.1978) and authority therein).

The court concludes that the federal policies at stake in a LMRDA suit closely parallel those at stake in unfair-labor-practice and breach-of-duty cases. Further, plaintiffs' complaint under the LMRDA is more akin to a breach-of-duty claim than to an action for tortious interference with business relations. The court holds, consistent with *DelCostello*, that the six-month § 10(b) limitations period applies to the instant LMRDA suit.[4] Because the latest conduct of defendant about which plaintiffs complain occurred in December 1982 and the plaintiffs did not file the complaint until November 1983, the limitations period

---

**4.** Retroactive application of *DelCostello* has been approved. *Scott v. Local 863*, 725 F.2d 226, 229 (3d Cir.1984).

has elapsed and plaintiffs' complaint must be dismissed.

An appropriate order will issue.