Joseph MARCZINKO, Fred Piel, Thammer Vandergrift, John Vavrek, and Stephen Zeransky, Plaintiffs,

v.

LOCAL 249, GENERAL TEAMSTERS CHAUFFEURS AND HELPERS; Teamsters Joint Council No. 40; and the International Brotherhood of Teamsters, Chauffeurs, and Helpers of America, Defendants.

David H. FURLONG, Plaintiff,

v.

LOCAL 249, GENERAL TEAMSTERS CHAUFFEURS AND HELPERS; Teamsters Joint Council No. 40; and the International Brotherhood of Teamsters, Chauffeurs, and Helpers of America, Defendants.

Civ. A. Nos. 84–3103, 85–531.

United States District Court, W.D. Pennsylvania.

June 12, 1985.

Robert T. Kane, Munhall, Pa., for plaintiffs.

Ernest B. Orsatti and Edward H. Walter, Pittsburgh, Pa., for Local 249.

Sandra R. Kushner and Gerald J. Koechel, Pittsburgh, Pa., for Joint Council No. 40 and Intern. Broth. of Teamsters.

Robert M. Baptiste and James A. McCall, Washington, D.C., for Intern. Broth. of Teamsters.

## MEMORANDUM OPINION

BLOCH, District Judge.

In this consolidated action, plaintiffs, all former employees of DeBolt Transfer, Inc. and members of Local 249, General Teamsters, Chauffeurs and Helpers (Local 249), have filed this action against the defendants alleging breach of their fiduciary duty of fair representation and violation of their due process rights guaranteed them under the Labor Management Reporting and Disclosure Act (LMRDA). This Court has jurisdiction pursuant to 29 U.S.C. § 412 and 28 U.S.C. § 1337. Defendants Local 249 and Teamsters Joint Council No. 40 (Joint Council) have filed motions to dismiss for failure to state a claim upon which relief can be granted pursuant to Fed.R.Civ.P. 12(b)(6).[1]

On a motion to dismiss brought pursuant to Fed.R.Civ.P. 12(b)(6), such as presented in this case, the Court must limit its consideration of the facts to those alleged in the complaint. *Biesenbach v. Guenther*, 588 F.2d 400, 402 (3d Cir.1978). In reviewing a motion to dismiss, the Court must construe all of the allegations of the complaint as true. *Scheuer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). According to the United States Supreme Court, "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957) (footnote omitted). This stringent standard guides the Court in its review of defendants' motions.

Plaintiffs' complaints allege that on March 10, 1982, they received a letter from the defendant Local 249 stating that the

1. The complaints and motions in Civil Action No. 84–3103 and Civil Action No. 85–531 are substantially the same and, therefore, the Court will discuss them together. Further, the use of the term "plaintiffs" in the plural will denote all plaintiffs, in both suits, collectively. When the reference is to a particular plaintiff, it will be so specified.

Executive Board had voted to disclaim all interests with respect to the bargaining unit consisting of DeBolt Transfer, Inc. employees. On May 27, 1982, Local 249 informed the plaintiffs that, due to certain "actions" of the plaintiffs, it could not represent their interests. On December 6, 1982, plaintiffs, in accordance with the By-laws of Local 249 and Joint Council, requested a hearing before the Joint Council regarding their expulsion. On December 17, 1982, Joint Council informed the plaintiffs that the decision of Local 249 had been upheld. Thereafter, plaintiffs appealed the decision to the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, who, on December 13, 1983, informed the plaintiffs that a meeting with Local 249 would lead to a satisfactory resolution of the matter. On December 27, 1983, a meeting was held between the plaintiffs and the President of Local 249, who offered the plaintiffs the opportunity to join Local Teamsters 800. On January 9, 1984, plaintiffs requested that the Executive Board of Local 249 reconsider their expulsion. On February 3, 1984, plaintiffs were informed that the Executive Board had decided to maintain its original decision. In accordance with defendant International Brotherhood of Teamsters, Chauffeurs and Helpers of America (International), Local 249 gave plaintiffs the opportunity to transfer to Local 800 or to request the General Executive Board to issue a ruling on their appeal. On February 10, 1984, plaintiffs informed Local 249 and the International of their desire to have a ruling on their appeal. International failed to respond. On April 24, 1984, plaintiffs wrote to International requesting information regarding the status of their appeal. No response was received and plaintiffs, on September 13, 1984, wrote International again, without success. Plaintiffs did not receive a reply to this request. Plaintiffs complaints, Civil Action No. 84-3103, ¶ 10-¶ 28 (docket entry Nos. 1 and 10); Civil Action No. 85-531, ¶ 6-¶ 24 (docket entry No. 1). On December 31, 1984, plaintiffs filed Civil Action

No. 84-3103, and on March 7, 1985, plaintiff filed Civil Action No. 85-531.

## I. Local 249's Motion
### A. Due Process Claim

Local 249 moves to dismiss on the grounds that plaintiffs' cause of action is time-barred. Plaintiffs contend that since the LMRDA does not specify a statute of limitations, the Court must look to state law to determine the appropriate period of limitations for an action brought pursuant to § 102 of the LMRDA, 29 U.S.C. § 412 (1982). In the instant case, plaintiffs maintain that their claims are governed by Pennsylvania's four-year statute of limitations applicable in contract actions. 42 Pa. C.S.A. § 5525.

In *Local Union 1397, United Steelworkers of America, AFL–CIO v. United Steelworkers of America, AFL–CIO*, 748 F.2d 180 (3d Cir.1984), the Third Circuit held that the 6-month limitations period of the National Labor Relations Act (NLRA) was applicable to actions brought under the LMRDA. In *DelCostello v. International Brotherhood of Teamsters*, 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983), the Supreme Court held that the appropriate limitations period for "hybrid" § 301 actions was the 6-month period found in § 10(b) of the NLRA, 29 U.S.C. § 160(b) (1982). The Supreme Court emphasized the practical similarity between an unfair labor practice charge brought by an individual employee under the NLRA and a breach of the duty of fair representation claim and a breach of contract claim brought by an individual employee against his union and employer under § 301. The Court also emphasized the close similarity and policy considerations relevant to the choice of limitations period for an unfair labor practice charge and for a "hybrid" § 301 action. In both situations, the federal labor policy in promoting stable bargaining relationships necessitates prompt resolution of disputes between an individual and his union or an individual and his employer, disputes that may effect the bargaining relationship between union and em-

**410**

ployer. Relying on *DelCostello*, the Third Circuit noted as follows:

> In adopting a six-month limitations period for unfair labor practice charges, Congress balanced the federal interests in stable collective bargaining relationships and rapid resolution of labor disputes against an employee's interests in the vindication of his rights under § 7 of the NLRA, 29 U.S.C. § 157 (1982). Those same concerns are present in suits brought under § 102 of the LMRDA. Clearly, a union member has an interest in vindicating his rights under §§ 101 and 609 of the LMRDA, and a limitations period should not unduly impose on this interest. By the same token, however, rapid resolution of internal union disputes is necessary to maintain the federal goal of stable bargaining relationships, for dissension within the union naturally effects that union's activities and effectiveness in the collective bargaining arena.

> \*      \*      \*      \*      \*      \*

> As a final point, we also note that a six-month limitation period is not inherently unfair to LMRDA plaintiffs. As in this case, the allegedly unlawful activity in a § 102 action is rarely latent; generally, discipline is imposed, or rights are denied openly. Thus, six months is an adequate time period in which to decide

whether to bring a § 102 action. Further, if the Supreme Court in *Del Costello* thought it fair to accord individual union members only six months in which to file their § 301 action, we believe it is similarly fair to accord those same individual union members only six months in which to file their § 102 action.

748 F.2d at 183–184 (citations omitted).

The Third Circuit went on to say that its decision to apply the six-month limitations period of the NLRA to actions brought under the LMRDA could be applied retroactively. *Id.* at 184–185.

■ In the instant cases, plaintiffs exhausted all internal remedies available to them on December 27, 1983. The proceeding in Civil Action No. 84–3103 was not commenced until December 31, 1984, and the proceeding in Civil Action No. 85–531 was not commenced until March 7, 1985; both suits were filed well beyond the six-month statute of limitations.[2] Accordingly, Local 249's motion to dismiss plaintiffs' due process claim is granted.

### B. Duty of Fair Representation

■ Local 249 contends that the preemption doctrine deprives this Court of jurisdiction over plaintiff Furlong's claim[3] under the LMRA, 29 U.S.C. §§ 151–169, since

---

**2.** Assuming *arguendo* that the tolling provisions applied in § 301 suits are applicable in the instant case, the plaintiffs should have realized no later than April 20, 1984, that all further internal remedies were futile. Regarding this issue in the context of a § 301 suit, plaintiffs argue that on January 6, 1984, the President of Local 249 informed the plaintiffs that there were several options from which they could choose in an attempt to resolve their grievances. Plaintiffs elected to have the Executive Board of Local 249 reconsider their expulsion from the union. On February 6, 1984, plaintiffs were informed by the Executive Board that it had affirmed its previous decision. Again, plaintiffs were informed of their right to have the International Union rule on their appeal. Plaintiffs and Local 249 informed the International Union of their desire to have the Executive Board of the International Union rule on their appeal. The International Union failed to respond to the plaintiffs' requests. The plaintiffs again requested a hearing or information regarding the disposi-

tion of their appeals on April 20, 1984, and September 13, 1984. Certainly, plaintiffs should have realized no later than April 20, 1984, that they had exhausted all internal remedies and that further internal union appeals would be futile. Plaintiffs cannot extend the statute of limitations period merely by attempting to repeat the internal procedures. *See Scott v. Local 863, International Brotherhood of Teamsters,* 725 F.2d 226, 229 (3d Cir.1984).

**3.** Although Local 249 only addresses this issue in its motion to dismiss Furlong's complaint, it is certainly relevant to the issues presented in Civil Action No. 84–3103, since it raises the question of subject matter jurisdiction. It is unclear why Local 249 did not raise this issue in its motion to dismiss in Civil Action No. 84–3103 because plaintiffs' complaints appear to contain two claims, and Local 249 recognizes both in its motion to dismiss in Civil Action No. 85–531.

they are within the exclusive jurisdiction of the National Labor Relations Board. In *San Diego v. Garmon*, 359 U.S. 236, 79 S.Ct. 773, 3 L.Ed.2d 775 (1959), the Supreme Court held that where a cause of action arguably falls under § 157 or § 158, the states, as well as the federal courts, must defer to the exclusive competence of the National Labor Relations Board. The preemption doctrine enunciated in *Garmon* is predicated upon effectuating the congressional purpose for enacting a comprehensive national labor policy to be administered by an expert central agency rather than by a federalized judicial system; the necessity for carrying out a labor policy without specific congressional direction or judicial resolution on a case-by-case basis; and the avoidance of different treatment by the judiciary with conduct that the NLRA prohibits. *Motor Coach Employees v. Lockridge*, 403 U.S. 274, 285–297, 91 S.Ct. 1909, 1917–1923, 29 L.Ed.2d 473 (1971). Plaintiff does not appear to dispute that any claims that they may have under §§ 157–158 would be preempted by the *Garmon* doctrine, but maintain that in *Vaca v. Sipes*, 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967), the Supreme Court held that federal courts have jurisdiction to hear a claim against the union for breach of the union's duty of fair representation under § 301 of the LMRA, 29 U.S.C. § 185, even if the conduct complained of was arguably protected or prohibited by the NLRA. Although *Vaca v. Sipes* was a § 301 case, the issue addressed by the Court was that of preemption in general and not as limited to the § 301 context. The Supreme Court noted as much in *Motor Coach Employees v. Lockridge, supra:*

[I]n *Vaca v. Sipes* ... we held that an action seeking damages for injury inflicted by a breach of the union's duty of fair representation was judicially cognizable in any event, that is, even if the conduct complained of was arguably protected or prohibited by the National Labor Relations Act *and whether or not the law suit was bottomed on a collective agreement.*

403 U.S. at 299, 91 S.Ct. at 1924 (emphasis added). Thus, the Court finds that plaintiff's claim of fair representation is not barred by the preemption doctrine.

Local 249 further contends that this Court lacks subject matter jurisdiction over this action since § 301 was not alleged as the jurisdictional basis for plaintiff's claim. However, the Court finds that it has subject matter jurisdiction over this action based upon 28 U.S.C. § 1337, which confers federal jurisdiction over suits arising under any act of congress regulating commerce.[4] In *Nedd v. United Mine Workers,* 400 F.2d 103, 106 (3d Cir.1968), the Third Circuit held that "arising under" jurisdiction encompasses actions involving the duty of fair representation not founded upon breach of a contract. *See Raus v. Brotherhood Railway Carmen of U.S. and Canada,* 663 F.2d 791, 796 (8th Cir.1981); *Mumford v. Glover,* 503 F.2d 878, 882–883 (5th Cir.1974). Therefore, the Court finds that it has jurisdiction over plaintiff's duty of fair representation claims.[5]

## II. Joint Council's Motion

■ Joint Council moves to dismiss stating that since it is not the statutory bargaining agent of the employees, it has no duty of fair representation. The duty of fair representation arises out of the union-employee relationship and the LMRA, 29 U.S.C. §§ 158–159, which creates and defines that relationship. *See Hines v. An-*

---

4. Title 28 U.S.C. § 1337 provides as follows: "The district courts shall have original jurisdiction of any civil action or proceeding arising under any Act of Congress regulating commerce or protecting trade in commerce against restraints and monopolies."

5. Local 249 also maintains that plaintiffs could not cure an alleged jurisdictional defect by amending their complaints to assert a claim under § 301 since such a claim would be barred by the six-month statute of limitations set forth in *DelCostello v. International Brotherhood of Teamsters,* 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983). Since the Court has found that jurisdiction is properly asserted under 28 U.S.C. § 1337, it need not at this time address the appropriate limitations period which governs in a § 301 suit.

*chor Motor Freight, Inc.*, 424 U.S. 554, 563–564, 96 S.Ct. 1048, 1055–1056, 47 L.Ed.2d 231 (1976); *Vaca v. Sipes, supra*, 386 U.S. at 177, 87 S.Ct. at 909. In support, Joint Council refers the Court to *Teamsters Local Union No. 30 v. Helms Express, Inc.*, 591 F.2d 211 (3d Cir.1979), *cert. denied*, 444 U.S. 837, 100 S.Ct. 74, 62 L.Ed.2d 48 (1979), where the Third Circuit discussed whether the district court had erred in dismissing the local union's claim against the Eastern Conference for breach of the duty of fair representation. The Court noted as follows:

> [S]ection 301 creates federal jurisdiction only over parties to the contract, and federal jurisdiction under § 301 is limited to "[s]uits for violation of contracts between an employer and a labor organization...."

> \*    \*    \*    \*    \*    \*

> The Eastern Conference is not a party to any collective bargaining agreement and represents no employees directly; it has never been a party to any contract with Helms. The NMSA and supplement specifically state that only the Teamsters National Freight Industry Negotiating Committee and specific local unions are parties to the agreement, Appendix at 38. Similarly, the preamble to the Supplement lists the parties by name, indicating only that they are affiliated with the Conference and the International Union. Neither the Conference nor the International are signatories. Thus, because the Eastern Conference is not a party to the contract, the district court lacked jurisdiction under § 301 over the Conference.

*Id.* at 216–217.

Joint Council states that since its membership is composed of local unions and not individual members of local unions, it could not have breached any duty owed to the plaintiffs. While the Court does not dispute Joint Council's arguments, unlike the Court in *Teamsters Local Union No. 30 v. Helms Express, Inc., supra*, this Court does not have the benefit of Joint Council's bylaws where its membership would be stated. Therefore, since the Court cannot conclusively determine at this time that Joint Council owed the plaintiffs no duty of fair representation, Joint Council's motion to dismiss plaintiffs' duty of fair representation claims is denied.

Joint Council further maintains that plaintiffs were fully notified of all charges against them in accordance with the union's bylaws. However, since plaintiffs allege that such proper notice was not given as required by its constitution, bylaws and the LMRDA, the Court must accept plaintiffs' allegations as true and denies Joint Council's motion to dismiss plaintiffs' due process claims under 29 U.S.C. § 411(a)(5).[6]

An appropriate Order will be issued.

---

**6.** Title 29 U.S.C. § 411(a)(5), provides as follows: *"Safeguards against improper disciplinary action.*—No member of any labor organization may be fined, suspended, expelled, or otherwise disciplined except for nonpayment of dues by such organization or by any officer thereof unless such member has been (^) served with written specific charges; (B) given a reasonable time to prepare his defense; (C) afforded a full and fair hearing."