**G.P. REED, Plaintiff-Appellee,**

v.

**UNITED TRANSPORTATION UNION; Fred A. Hardin; K.R. Moore; J.L. McKinney, Defendants-Appellants.**

No. 86–2564.

United States Court of Appeals, Fourth Circuit.

Argued Jan. 7, 1987.

Decided Sept. 17, 1987.

Clinton Joseph Miller, III, Asst. General Counsel, United Transp. Union, Washington, D.C. (J. David James, Smith, Patterson, Follin, Curtis, James & Harkavy, Greensboro, N.C., on brief), for defendants-appellants.

John West Gresham (Ferguson, Stein, Watt, Wallas & Adkins, P.A., Charlotte, N.C., on brief), for plaintiff-appellee.

Before RUSSELL, WIDENER and CHAPMAN, Circuit Judges.

DONALD RUSSELL, Circuit Judge:

This is an interlocutory appeal brought pursuant to 28 U.S.C. § 1292(b). The sole issue before the court is whether the six-month limitations period provided in Section 10(b) of the National Labor Relations Act, 29 U.S.C. § 160(b) (1982) ("NLRA") applies to a claim brought under Title I of the Labor Management Reporting and Disclosure Act, 29 U.S.C. § 411 (1982) ("LMRDA"), or whether the most analogous state statute of limitations is applicable. The authoritative decision on the point in issue is *Del Costello v. Internat'l Brotherhood of Teamsters*, 462 U.S. 151, 103

S.Ct. 2281, 76 L.Ed.2d 476 (1983). However, different constructions of that decision have been adopted by the Courts of Appeals. The view on the application of *Del Costello* have been well stated in two decisions, one by the Third Circuit in *Local Union 1397 v. United Steel Workers,* 748 F.2d 180 (3d Cir.1984), the other by the First Circuit in *Doty v. Sewall,* 784 F.2d 1 (1st Cir.1986). We find the Third Circuit view more persuasive and follow it in holding that the six-month limitations period of Section 10(b) applies to claims brought under Section 411 of the LMRDA, and reverse the decision of the district court below, 633 F.Supp. 1516, which adopted the view of the First Circuit.

The plaintiff, G.P. Reed, is a member of the United Transportation Union ("UTU") and a Secretary-Treasurer of its Local 1715. In August 1982 defendant Fred Hardin, UTU President, had the books and records of Local 1715 audited after concerns arose about the financial stability of the Local. The auditor disallowed reimbursement checks paid by the Local to Reed in the sum of $1,210.00 because Reed had failed to obtain prior approval for the reimbursements. Reed's counsel wrote to President Hardin on July 1, 1983, seeking repayment of the sum on the ground that different standards were applied to Reed than to other UTU members. He asserted that Local President Warlick ordered the disallowance of the reimbursement checks to harass the plaintiff for not supporting his views, and that if the UTU supported Warlick in those efforts, it would be in violation of Section 101 of the LMRDA. When Hardin responded that he considered the matter closed, Reed's counsel informed Hardin, by letter dated August 2, 1983, that he was advising Reed to commence litigation against the UTU under 29 U.S.C. § 411 for violating Reed's equal rights and privileges as a UTU member. Reed commenced this action in August 1985, two years after his attorney's last letter to defendant Hardin.

In his Complaint, Reed raised claims under the LMRDA as well as pendent state implied contract and quantum merit claims. Specifically, Reed claimed that the defendants had violated his rights to freedom of speech and assembly as a union member as well as his right to be safeguarded from improper disciplinary action. He claimed that the selective application of the "prior approval" policy to disallow his reimbursement claims was meant to punish him for speaking out against Local President Warlick, whose claims for reimbursement were not denied despite his failure to obtain prior approval. He also claimed that the defendants had not properly exercised their fiduciary duties as officers of the Union pursuant to Title V of the LMRDA, 29 U.S.C. § 501.

The defendants moved for summary judgment on the grounds that (a) Reed failed to commence the action within the six-month statute of limitations period provided in Section 10(b) of the NLRA, (b) Reed failed to exhaust his union remedies, (c) Reed's Section 501 claim failed to state a claim upon which relief could be granted, and (d) Reed's state law claims were barred as preempted by the LMRDA. The district court, by Order dated May 1, 1986, denied the defendants' motion as to all but Reed's Section 501 claim which it dismissed. The court, noting a split in the circuits concerning the statute of limitations applicable to Section 411 claims and that an immediate appeal from the Order might materially advance the ultimate termination of the litigation, certified an appeal of its Order with respect to the limitations issue pursuant to 28 U.S.C. § 1292(b). The defendants appealed on that issue within ten days of the court's Order, and we agreed to hear the interlocutory appeal.

The only question before the court is whether the six-month limitations period provided in Section 10(b) of the NLRA applies to claims brought under Section 101 of the LMRDA. In *Del Costello v. Internat'l Brotherhood of Teamsters,* 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983), the Supreme Court determined what statute of limitations applies in an employee's "hybrid" suit against his employer, under Section 301 of the LMRA, and against his union, under the NLRA, when he alleges the employer's breach of a collective-bar-

gaining agreement and the union's breach of its duty of fair representation by mishandling the ensuing grievance or arbitration proceedings. The Court began with the accepted proposition that because Congress did not specifically provide statute of limitations applicable to all federal labor claims, courts must often " 'borrow' the most suitable statute or other rule of timeliness from some other source." *Id.*, at 158, 103 S.Ct. at 2287. It then reiterated the general rule that courts should apply to such claims the most closely analogous statute of limitations provided under state law. *Id.* The Court noted, however, that it has not hesitated to use timeliness rules drawn from federal law rather than state law when application of the most analogous state rule might unduly hinder or frustrate the federal policy behind the substantive federal law. *See e.g. Occidental Life Ins. Co. v. EEOC*, 432 U.S. 355, 97 S.Ct. 2447, 53 L.Ed.2d 402 (1977) (declining to apply state statutes of limitations to enforcement suits brought by the EEOC under Title VII of the 1964 Civil Rights Act); *McAllister v. Magnolia Petroleum Co.*, 357 U.S. 221, 78 S.Ct. 1201, 2 L.Ed.2d 1272 (1958) (applying federal limitations provision of the Jones Act to a seaworthiness action under general admiralty law); *Holmberg v. Armbrecht*, 327 U.S. 392, 66 S.Ct. 582, 90 L.Ed. 743 (1946) (refusing to apply a state statute of limitations to a federal action lying only in equity).

The Court analyzed the "hybrid § 301/fair representation" claims brought by the plaintiffs and found that Section 10(b) of the NLRA, which establishes a six-month period for making charges of unfair labor practices to the NLRB, should be applied to the hybrid claim because it was more analogous to the claim than were the suggested state-law parallels. In a careful analysis, the Court explained that the suggested state parallels, *i.e.*, breach of contract suits, suits for vacation of arbitration awards and malpractice suits, failed to adequately balance the opposing interests of the employee in vindicating his rights and the federal interest in the rapid settlement of labor disputes. *Id.* 462 U.S. at 164–69, 103 S.Ct. at 2290–93. The Court recognized a "family resemblance" between fair representation claims and unfair labor practice claims against unions:

> Many fair representation claims ... include allegations of discrimination based on membership status or dissident views, which would be unfair labor practices under § 8(b)(1) or (2). Aside from these clear cases, *duty of fair representation claims are allegations of unfair, arbitrary, or discriminatory treatment of workers by unions—as are virtually all unfair labor practice charges made by workers against unions.*

*Id.* at 170, 103 S.Ct. at 2294 (emphasis added).

More important, the Court stressed the "close similarity" in policy considerations relevant to the choice of a limitations period for both the hybrid action and unfair labor practice action. *Id.*, at 171, 103 S.Ct. at 2294. It found that " 'the national interests in stable bargaining relationships and finality of private settlements,' " which necessitate a prompt resolution of labor related disputes, and " 'an employee's interest in setting aside what he views as an unjust settlement under the collective bargaining system,' " are considerations in both actions. *Id.*, at 171, 103 S.Ct. at 2294, *quoting United Parcel Service, Inc. v. Mitchell*, 451 U.S. 56, 70, 101 S.Ct. 1559, 1568, 67 L.Ed.2d 732 (1981). Finding that the application of the proposed state limitations periods would frustrate federal interests, and that Congress adopted Section 10(b) with the competing interests of the government and employee in mind, the Court adopted the Section 10(b) limitations period for "hybrid 301/fair representation" actions. The Court emphasized, however, that its decision should not be taken as a departure from the general rule favoring the adoption of analogous state limitations periods.

Although *Del Costello* did not address the issue before this court, several circuits have applied the analysis of *Del Costello* to a LMRDA Section 101 claim, but with conflicting results. The majority of circuits considering the question have found Section 10(b) to be the most appropriate stat-

ute of limitations for Section 411 claims. *See Davis v. United Auto Workers*, 765 F.2d 1510 (11th Cir.1985), *cert. denied*, 475 U.S. 1057, 106 S.Ct. 1284, 89 L.Ed.2d 592 (1986) (following *Steelworkers' Local 1397 v. USWA*, 748 F.2d 180 (3d Cir.1984)); *Adkins v. IBEW*, 769 F.2d 330, 335 (6th Cir. 1985) (following *Local 1397*); *Vallone v. Local Union No. 705, Internat'l Brotherhood of Teamsters*, 755 F.2d 520 (7th Cir. 1984); *Steelworkers' Local 1397 v. USWA*, 748 F.2d 180 (3d Cir.1984); *Linder v. Berge*, 739 F.2d 686 (1st Cir.1984) (concerning a Section 414 claim). The most thorough analysis in support of this view was given by the Third Circuit in *Local 1397*. In that case, the court found that Section 411 actions, like the fair representation action considered in *Del Costello*, bear a "family resemblance" to unfair labor practice charges. The court stated:

> As in *Del Costello*, an analogy between unfair labor practice charges and section [411] suits exists not only in practice, but more importantly in the considerations that underlie the choice of a limitations period in the federal labor law field. Further, we believe that a six-month, rather than a longer limitations period, is fair to all parties given the practicalities of most litigation under the LMRDA.

> Despite appellants' protestations to the contrary, suits brought under section [411] do bear a "family resemblance" to unfair labor practice charges. *Cf. Del Costello*, 103 S.Ct. at 2293 (finding a "family resemblance" between unfair labor practice charges and breach of the duty of fair representation claims). Both section 8(b)(1) of the NLRA and section [411] are addressed to the same basic concern: the protection of individual workers from arbitrary action by unions, which have been appointed the exclusive representatives of such individuals in the workplace. Appellants' attempted distinction between the "internal" concerns of the LMRDA and the "external" concerns of section 8(b) of the NLRA is thus flawed. In our scheme of labor relations, a union has but one function: the representation of individual workers in

collective bargaining with their employer. Whether an individual's dispute with his union concerns an "internal" matter, such as the freedom to speak against union leadership, or an "external" matter, such as the processing of grievances, every dispute implicates the responsibility that a union has for the economic welfare of its members.

*Id.*, at 183 (footnotes omitted).

Noting an argument similar to the one advanced by the plaintiffs and the district court below that Section 411 claims are analogous to civil rights claims, the court stated that "the purpose and operation of such rights cannot be divorced from general principles governing our federal labor policy" and that "rapid resolution of internal union disputes is necessary to maintain the federal goal of stable bargaining relationships, for dissension within a union materially affects the union's activities and effectiveness in the collective bargaining arena." *Id.*, at 183–84. It, therefore, applied the Section 10(b) limitations period to the Section 411 claim.

The First Circuit, in *Doty v. Sewall*, 784 F.2d 1 (1st Cir.1986), declined to apply Section 10(b) to a Section 411 action, applying instead what it believed to be a more analogous state civil rights statute of limitations. In that case the plaintiff alleged that two local unions denied him full and equal rights of membership. The court found that the plaintiff's claim was essentially an assertion of his "civil rights" and that under the reasoning in *Del Costello*, the court should apply the state limitations provision applicable to civil rights claims which it believed to be more analogous than Section 10(b). The court also found that because the plaintiff's claim involved only an internal dispute, it in no way challenged the stability of the relationship between the union and employer, and hence did not affect federal labor policy. Significantly, the court emphasized that in neither *Local 1397* nor in *Davis* was there "an analogous state statute with anywhere near the aptness and closeness of fit of the Massachusetts civil rights statute in this case." *Doty*, 784 F.2d at 9. The court

thus differentiated the case before it from *Local 1397* and *Davis*, stating that it was not in direct conflict with those decisions. It distinguished *Vallone*, *Adkins* and its own previous decision in *Linder* as having involved hybrid claims.

■ A few district courts have applied reasoning similar to the analysis in *Doty* and have declined to apply Section 10(b) to Section 411 actions when a more analogous state statute was available. Within our own circuit *Rector v. Elevator Constructors*, 625 F.Supp. 174 (D.Md.1985), was such a case. In the case *sub judice*, the district court, on the urging of the plaintiff, declined to adopt the reasoning of the Third Circuit in *Local 1397*, but instead, it followed the reasoning of the First Circuit. The court found that Reed's interest in "union democracy" outweighed any federal interest in the rapid resolution of internal union disputes because such disputes do not affect labor-management relations. The court also noted that in our pre-*Del Costello* decision in *Howard v. Aluminum Workers Internat'l Union and Local*, 589 F.2d 771 (4th Cir.1978), we applied a state tort limitations statute to a union member's Section 411 claim against a union for allegedly violating his right of free speech. The district court, therefore, opted to apply North Carolina's three-year limitations period for personal injury actions to Reed's Section 411 claim against the defendants.

We believe that the district court erred in applying the state limitations period rather than the six-month limitations period of Section 10(b). We find that the Third Circuit's analysis in *Local 1397* is the correct one and we adopt that analysis for claims brought under Section 411. As explained by the Third Circuit, the plaintiff's claims, though they be akin to civil rights claims, cannot be divorced from the federal labor policy favoring stable labor-management relations. Indeed, Congress enacted the LMRDA "to eliminate or prevent improper practices on the part of labor organizations, employers, labor consultants, and their officers and representatives which distort and defeat the policies of the Labor Management Relations Act," a fundamen-

tal tool of federal labor policy. 29 U.S.C. § 402(c). Internal union disputes, if allowed to fester, may erode the confidence of union members in their leaders and possibly cause a disaffection with the union, thus weakening the union and its ability to bargain for its members. Such prolonged disputes may also distract union officials from their sole purpose—representation of union members in their relations with their employer. These probable effects of protracted disputes may be destabilizing to labor-management relations. Extended limitations periods for bringing Section 411 claims, therefore, may frustrate federal labor policy.

Although well aware of the Supreme Court's caution in *Del Costello* against an unjustified departure from the general rule favoring the application of analogous state limitations periods, we believe that since Section 411 claims bear a "family resemblance" to unfair labor practice charges and a lengthy limitations period would frustrate the federal policy favoring rapid resolution of labor-related disputes, the rationale of *Del Costello* constrains us to apply the Section 10(b) limitations period which balances the interests of the government and employer, to Section 411 claims.

■ Reed has asked that we not apply our holding retroactively to his case because his claim arose prior to the Supreme Court's decision in *Del Costello* and because our decision constitutes a departure from our prior decision in *Howard* where we stated that "federal courts considering suits brought under the [LMRDA] must apply the most analogous state limitations period." *Id*, 589 F.2d at 774.

In an *en banc* decision in *Zemonick v. Consolidation Coal Co.*, 796 F.2d 1546, 1547 (4th Cir.1986), *cert. denied*, —— U.S. ——, 107 S.Ct. 671, 93 L.Ed.2d 723 (1986), we held that *Del Costello* was to be applied retroactively. We reaffirmed this holding in *Triplett v. Brotherhood of Ry. Airline and S.S. Clerks*, 801 F.2d 700, 702–03 (4th Cir.1986), and the district courts of this Circuit have recognized the retroactivity of *Del Costello* as decided in *Zemonick* and dismissed actions for failure to meet the

deadline established in that decision. *Meadows v. Eaton Corp.*, 642 F.Supp. 284, 287 (W.D.Va. 1986). Any claim that *Del Costello* is not retroactive in this Circuit is foreclosed by our decision in *Zemonick.*

The decision of the district court is accordingly reversed and the cause is remanded to the district court for the entry of an order in conformity with this opinion.

REVERSED and REMANDED WITH INSTRUCTIONS.