NATIONAL LABOR RELATIONS
BOARD, Petitioner,

v.

DISTILLERY, RECTIFYING, WINE AND
ALLIED WORKERS INTERNATION-
AL UNION OF AMERICA, LOCAL UN-
ION 38, AFL–CIO, Respondent.

No. 79–1379.

United States Court of Appeals,
Sixth Circuit.

Feb. 16, 1981.

Elliott Moore, Deputy Associate Gen. Counsel, N. L. R. B., Washington, D. C., Bruce H. Meizlish, Emil C. Farkas, Director, Region 9, N. L. R. B., Cincinnati, Ohio, for petitioner.

Irwin H. Cutler, Jr., Segal, Isenberg, Sales, Stewart & Nutt, Louisville, Ky., Michael J. Zarzki, Chicago, Ill., for respondent.

Before LIVELY and MARTIN, Circuit Judges, and BERTELSMAN,* District Judge.

### ORDER

This matter is before the court on application of the National Labor Relations Board for enforcement of its decision and order finding the respondent union in viola-

* The Honorable William O. Bertelsman, Judge, United States District Court for the Eastern District of Kentucky, sitting by designation.

tion of Sections 8(b)(2) and (1)(A) of the National Labor Relations Act. The violation found by the Board was a breach of the union's fiduciary duty in expelling two members for dues delinquency without first giving them clear and unambiguous notice of their dues obligations and of the consequences of failing to meet these obligations. Under a union security provision this action resulted in discharge by the employer. The decision and order are reported at 242 NLRB No. 51.

The only issue in the case is whether substantial evidence in the record as a whole supports the finding by the administrative law judge of a violation, affirmed by the Board with one member dissenting. The union argues that the Board misstated the case in asserting that the administrative law judge found that the union had permitted other employees to become more than six months delinquent without causing their discharge. It is clear from the record that the union had not strictly enforced the requirement for payment of dues set forth in its constitution though the earlier cases concerned delinquency of less than six months. This error in the Board's decision is not dispositive of the case, however. Though the union made some effort to inform the two members of their dues delinquency and of the necessity for bringing their dues payments up to date, there is substantial evidence in the record to support the finding both of the ALJ and the Board that the union failed to give clear and unambiguous notices to the two members that continued failure to pay the dues in arrears and maintain dues payments currently would result in expulsion from the union and discharge from employment.

Accordingly, the application for enforcement of the decision and order of the Board is granted.