Robert Scott **GARDNER,**
**Plaintiff–Appellant,**

v.

**INTERNATIONAL TELEGRAPH EMPLOYEES LOCAL NO. 9, et al., Defendants–Appellees.**

No. 86–2417.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 3, 1987 *.

Decided June 21, 1988.

---

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

Robert Scott Gardner, Guam Main Facility, Barrigada, Guam, acting pro se.

Beeson, Tayer, Silbert & Bodine, Franklin Silver and Marie M. Rongone, San Francisco, Cal., for defendants-appellees.

Before BROWNING, Chief Judge, WRIGHT and LEAVY, Circuit Judges.

PER CURIAM:

Gardner appeals the dismissal of his action as barred by the statute of limitations. Gardner's complaint contained two claims: (1) his union did not process a grievance on his behalf and thereby violated its duty of fair representation to him; and (2) his union violated section 104 of the Labor–Management Reporting and Disclosure Act (LMRDA), 29 U.S.C. § 414, by failing to give him a copy of the collective bargaining agreement.[1] The district court found both claims barred by a six-month statute of

---

1. LMRDA Section 104 provides, in relevant part: It shall be the duty of the secretary or corresponding principal officer of each labor organization, in the case of a local labor organization, to forward a copy of each collective bargaining agreement made by such labor organization with any employer to any employee who requests such a copy and whose rights as such employee are directly affected by such agreement. . . .

limitations, relying on *DelCostello v. International Bhd. of Teamsters,* 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983). We affirm in part, reverse in part, and remand.

## I

Gardner alleges the following: he was a member of defendant Union, which represented the employees of his former employer, RCA Global Communications, Inc. On December 19, 1983, RCA told Gardner he could resign or be terminated. Union representatives told him that there was nothing they could do for him. He resigned. Before and after his resignation he asked the Union for a copy of the contract between the Union and RCA, but was never provided one. Some time after he resigned, he discovered the contract had a grievance procedure, and asked both RCA and the Union to process a grievance on his behalf. No action was taken.

Gardner's suit was filed on December 19, 1985, two years after his resignation. The Union moved for judgment on the pleadings, arguing the action was barred by a six-month limitations period borrowed from section 10(b) of the National Labor Relations Act (NLRA), 29 U.S.C. § 160(b). The district court granted judgment for the Union. Gardner timely appealed *pro se.*

## II

■ The LMRDA contains no limitations provision. When a federal statute contains no limitations provision, federal courts traditionally adopt the most closely analogous state statute of limitations. However, the Supreme Court held in *DelCostello,* 462 U.S. at 169–72, 103 S.Ct. at 2293–94, that the NLRA's six-month statute of limitations should be extended to an employee's "hybrid" suit against his union and employer.[2]

The Court said that while "resort to state law remains the norm" (*id.* at 171, 103 S.Ct. at 2294), "when a rule from elsewhere in federal law clearly provides a closer

analogy than available state statutes, and when the federal policies at stake and the practicalities of litigation make that rule a significantly more appropriate vehicle for interstitial lawmaking, we have not hesitated to turn away from state law." *Id.* at 172, 103 S.Ct. at 2294.

The Court found the rights asserted in hybrid suits were most closely analogous to charges of unfair labor practices under the NLRA:

> [T]he family resemblance is undeniable, and indeed there is a substantial overlap. Many fair representation claims ... include allegations of discrimination based on membership status or dissident views, which would be unfair labor practices under § 8(b)(1) or (2). Aside from these clear cases, duty of fair representation claims are allegations of unfair, arbitrary, or discriminatory treatment of workers by unions—as are virtually all unfair labor practice charges made by workers against unions.

*Id.* at 170, 103 S.Ct. at 2293–94.

Moreover, the Court concluded, a six-month limitation period reflected " 'the proper balance between the national interests in stable bargaining relationships and finality of private settlements, and an employee's interest in setting aside what he views as an unjust settlement under the collective-bargaining system.' " *Id.* at 171, 103 S.Ct. at 2294 (quoting *United Parcel Service v. Mitchell,* 451 U.S. 56, 70, 101 S.Ct. 1559, 1567, 67 L.Ed.2d 732 (1981) (Stewart, J., concurring). The Court noted that a hybrid suit "implicates 'those consensual processes that federal labor law is chiefly designed to promote—the formation of the ... agreement and the private settlement of disputes under it.' " *Id.* (quoting *Auto Workers v. Hoosier Cardinal Corp.,* 383 U.S. 696, 702, 86 S.Ct. 1107, 1111, 16 L.Ed.2d 192 (1966)). The Court also noted a " 'need for uniformity' among procedures followed for similar claims...." *Id.*

---

**2.** "Hybrid" suits involve allegations both that the employer breached the collective bargaining agreement, and that the union breached its duty of fair representation in handling the employ-

ees' grievance based on the contract breach. *See DelCostello,* 462 U.S. at 164–65, 103 S.Ct. at 2290–91.

This circuit has not yet decided whether *DelCostello* should be extended to LMRDA claims, but *Conley v. IBEW*, 810 F.2d 913 (9th Cir.1987), foreshadowed such a ruling. There a union member alleged that an unfavorable change in his hiring hall status violated section 301 of the Labor Management Relations Act, 29 U.S.C. § 186. We held the NLRA's six-month limitations period applied:

> The essence of Conley's complaint is that the union failed to act fairly on his behalf. Although he does not claim that the union failed to act fairly in representing him before the employer, we do not think that this factor is sufficient to merit application of a state statute of limitations. The case at hand poses the question of a union's duty to its members, and because of the close relation this bears to the federal policy of fair representation generally, it follows that the federal limitations statute applies. The reasoning of *DelCostello* supports this conclusion. *DelCostello* found section 10(b) to be the source of the limitation for hybrid claims because of the analogy to an unfair labor practice claim. In this case, the analogy to an unfair labor practice claim is compelling. Indeed, Conley alleged in his complaint that the union acted "in violation of its obligations" of fair representation and sought redress through filing a charge with the NLRB. The appropriate limitation is six months.
>
> *Id.* at 915.

Since Gardner's complaint also "poses the question of a union's duty to its members," *Conley* suggests the NLRA's six-month limitations period should apply here as well.

Only one circuit has specifically addressed the limitations period for claims under section 104 of LMRDA. In *Linder v. Berge*, 739 F.2d 686 (1st Cir.1984), as in this case, the plaintiff's suit combined fair representation and section 104 claims. The court held the LMRDA claim "should be governed by the same statute of limitations as governs the unfair representation claim." *Id.* at 690.

Other circuits have held that the NLRA's six-month period applies to various LMRDA claims.[3] In *Local Union 1397, United Steelworkers v. United Steelworkers*, 748 F.2d 180 (3rd Cir.1984), the court found LMRDA claims bear a "family resemblance" to unfair labor practice charges under the NLRA in that both are "addressed to the same basic concern: the protection of individual workers from arbitrary action by unions . . . ." *Id.* at 183. It found the same concerns present in hybrid actions, the NLRA, and the LMRDA: the balancing of federal interests "in stable collective bargaining relationships and rapid resolution of labor disputes against an employee's interest in the vindication of his rights . . . ." *Id.* at 184. All three types of claim could be available to a victim of a single discriminatory act by a union in failing to process a grievance. The Third Circuit noted there was no unfairness in requiring LMRDA plaintiffs to file suit as quickly as other labor law claimants. *Id.*

The Third Circuit's view is persuasive. A violation of section 104 by failing to give an employee a copy of the collective bargaining agreement is closely analogous to a violation of the NLRA by failing to provide information about job referrals[4] or about the employee's dues-paying obligation.[5] It

**3.** *Reed v. United Transp. Union*, 828 F.2d 1066, 1070 (4th Cir.1987), *cert. granted,* — U.S. ——, 108 S.Ct. 1105, 99 L.Ed.2d 267 (1988); *Hester v. International Union of Operating Engineers*, 818 F.2d 1537, 1543–44 (11th Cir.1987) (per curiam), *pet. for cert. filed on other issues*, 56 USLW 3690 (March 1, 1988); *Clift v. UAW*, 818 F.2d 623, 629 and n. 5 (7th Cir.1987); *Adkins v. International Union Elec., Radio & Mach. Workers*, 769 F.2d 330, 334–35 (6th Cir.1985); *Davis v. UAW*, 765 F.2d 1510, 1513–15 (11th Cir.1985); *Vallone v. Local 705, International Bhd. of Teamsters*, 755 F.2d 520, 521–22 (7th Cir.1985) (per curiam).

**4.** This may be in violation of section 8(b)(1)(A) of the NLRA, 29 U.S.C. § 158(b)(1)(A). *See Laborers Local 252 (Seattle & Tacoma Chaps. of Assoc'd Gen. Contractors)*, 233 NLRB 1358 (1977); *Operating Engineers Local 324 (Mich. Chap. AGC)*, 226 NLRB 587 (1976).

**5.** *Philadelphia Sheraton Corp.*, 136 NLRB 888 (1962), *enf'd*, 320 F.2d 254 (3rd Cir.1963); *Distillery, Rectifying, Wine & Allied Workers Local 38 (Schenley Distillers, Inc.)*, 242 NLRB 370 (1979), *enf'd* 642 F.2d 185 (6th Cir.1981).

is also analogous to a union's violation of the duty of fair representation by failing to provide information to employees.[6]

The "family relationship" stressed in *DelCostello* is evident from the relief Gardner seeks. Gardner's fundamental concern is loss of wages and benefits—not lack of a copy of the collective bargaining contract. Gardner could recover his lost wages and benefits only by proving that the employer violated the contract *and* that union officials would have pursued his grievance successfully after he reminded them of the contract's provisions. These allegations are nearly identical with those of the typical hybrid claim involved in *DelCostello*.

The balance of interests in this case is also very close to that in *DelCostello*. Gardner's LMRDA claim challenges an apparently mutual decision of employer and union. It therefore implicates the "consensual processes that federal labor law is chiefly designed to promote—the formation of the ... agreement and the private settlement of disputes under it," (*DelCostello*, 462 U.S. at 171, 103 S.Ct. at 2294 (citation omitted)) and involves the same "national interests in stable bargaining relationships and finality of private settlements." *Id.* (citation omitted).

Gardner's LMRDA claim is subject to the same six-month limitation period as a fair representation claim because he alleges violation of an LMRDA provision that affects his right to be represented fairly by the union in an employment dispute.[7]

### III

■ Gardner argues a decision extending *DelCostello* to LMRDA claims should not be applied retroactively to his suit. In *General Teamsters Union Local 174 v. Trick & Murray, Inc.*, 828 F.2d 1418, 1421–22 (9th Cir.1987), we retroactively applied our decision extending *DelCostello* to sec-

tion 301 actions to compel arbitration. We see no reason not to apply retroactively our decision extending *DelCostello* to LMRDA claims.

The second prong of the test outlined in *Chevron Oil Co. v. Huson*, 404 U.S. 97, 106–07, 92 S.Ct. 349, 355, 30 L.Ed.2d 296 (1971) (whether retroactive application will further or retard the purposes of the rule in question) plainly supports retroactive application. Retroactive application of the six-month statute furthers the purpose of the new rule because it "promotes the prompt resolution of labor disputes." *International Ass'n of Machinists v. Aloha Airlines, Inc.*, 790 F.2d 727, 736 (9th Cir. 1986).

The first and third *Chevron* prongs pose closer questions. The first prong is whether the decision establishes "a new principle of law, either by overruling clear past precedent on which litigants may have relied ..., or by deciding an issue of first impression whose resolution was not clearly foreshadowed." *Chevron*, 404 U.S. at 106, 92 S.Ct. at 355 (citations omitted). The third prong is whether applying the new decision retroactively "could produce substantial inequitable results." *Id.* at 107, 92 S.Ct. at 355 (quoting *Cipriano v. City of Houma*, 395 U.S. 701, 706, 89 S.Ct. 1897, 1900, 23 L.Ed.2d 647 (1969)). These two tend to blend since "a 'critical factor' in applying the third prong is that the [new] rule ... is not one which might have been anticipated." *Edwards v. Teamsters Local 36*, 719 F.2d 1036, 1041 (9th Cir.1983) (quoting *Singer v. Flying Tiger Line*, 652 F.2d 1349, 1353 (9th Cir.1981)).

Applying the six-month limitations period of the NLRA to claims under section 104 of LMRDA does not overrule "clear" past precedent. The issue had not been decided in this circuit. This circuit's opinions applying state limitations periods to claims under section 101 of LMRDA did not in-

---

**6.** *NLRB v. Teamsters Local 282*, 740 F.2d 141, 146 (2nd Cir.1984) (failure to tell affected employees about arbitration award); *Teamsters Local 860 v. NLRB*, 652 F.2d 1022, 1025 (D.C.Cir. 1981) (failure to tell employees of employer's threat to eliminate jobs if wages increased).

**7.** We distinguish *Rodonich v. House Wreckers Union Local 95*, 817 F.2d 967, 976–77 (2nd Cir. 1987), *Erkins v. Bryan III*, 785 F.2d 1538, 1543 (11th Cir.1986), and *Doty v. Sewall*, 784 F.2d 1, 4–5 (1st Cir.1986), because the alleged LMRDA violations did not affect members' right to representation in an employment dispute.

volve claims related to employment disputes. *See Trotter v. International Longshoremen's & Warehousemen's Union Local 13,* 704 F.2d 1141, 1143 n. 2 (9th Cir. 1983); *Copitas v. Retail Clerks Int'l Assn.,* 618 F.2d 1370, 1372 (9th Cir.1980). *Copitas* relied heavily upon cases involving section 301 and fair representation claims which were narrowly construed or overruled by *DelCostello; Trotter* relied on *Copitas* and a stipulation of the parties. When Gardner's cause of action accrued, this Circuit's LMRDA precedent was not clear.

The Third Circuit found the application of NLRA's six-month period to LMRDA claims clearly foreshadowed. *Local Union 1397,* 748 F.2d at 184–85.[8] The Third Circuit noted that courts had adopted the practice of applying a uniform federal limitations periods across the various areas of federal labor law prior to *DelCostello* and that *DelCostello* stressed the need for such uniformity. *Local Union 1397,* 748 F.2d at 184–85. Similarly, we said in *Trick & Murray,* 828 F.2d at 1421, that the broad language in *DelCostello* foreshadowed its extension to other kinds of labor law claim. Published opinions of several district courts —including district courts in our circuit— had applied a six-month statute to LMRDA claims before Gardner's six-month period expired in June, 1984.[9]

## IV

Gardner argues that the limitations bar should be tolled because of fraudulent concealment.

■ Gardner's LMRDA cause of action accrued when he requested a copy of the contract and was told no copies were available. There was no concealment of the fact that a contract existed and that the Union would not give him a copy. Accord-

ingly, Gardner's section 104 claim was not fraudulently concealed.

■ On the other hand, Gardner's allegations that the union refused to give him a copy of the contract and told him nothing could be done to help him, knowing that he was unaware of his rights to be free of arbitrary discharge and to pursue a grievance, present a substantial question whether Gardner's fair representation claim may be tolled because of fraudulent concealment.

Gardner alleges he "became aware, *sometime* after his forced termination, that he had the right of a grievance procedure." (Emphasis added.) If Gardner was totally and reasonably ignorant of the fact that the contract contained grievance or disciplinary provisions when he was forced to quit, it cannot be concluded as a matter of law that his fair representation claim accrued at that time. *See Galindo v. Stoody Co.,* 793 F.2d 1502, 1509 (9th Cir.1986) ("the six-month period generally begins to run when an employee knows or should know of the alleged breach of duty of fair representation by a union"). If Gardner knew or should have known of the existence of such provisions more than six months before the filing of his complaint, his suit is time-barred. This issue raises factual questions to be resolved in the first instance by the district court on remand. *DelCostello,* 462 U.S. at 172, 103 S.Ct. at 2294.

Each party shall bear its own costs on appeal. AFFIRMED IN PART; REVERSED IN PART and REMANDED.

---

**8.** *See also Reed v. United Transp. Union,* 828 F.2d at 1070 (retroactively applying six-month period to LMRDA claims).

**9.** *Local Union 1397 v. United Steelworkers,* 580 F.Supp. 866, 868 (W.D.Pa.1984); *Yanik v. Nielsen Freight Lines, Inc.,* 115 L.R.R.M. (BNA) 3295, 3296 (N.D.Cal.1983) [available on WESTLAW, 1983 WL 2100]; *Bigbie v. Teamsters Local 142,* 114 L.R.R.M. (BNA) 2468, 98 Lab.Cas. (CCH) ¶ 10,277 (N.D.Ill.1983) [available on WESTLAW, 1983 WL 2021]; *Adkins v. General Motors Corp.,* 573 F.Supp. 1188, 1198–1201 (S.D.Ohio 1983); *Linder v. Berge,* 567 F.Supp. 913, 916–17 (D.R.I. 1983).