Mark BAKER, et al., Plaintiffs,

v.

**GENERAL MOTORS CORP., et al., Defendants.**

No. 3:89CV7383.

United States District Court,
N.D. Ohio, W.D.

July 18, 1990.

Francis Landry, Toledo, Ohio, for plaintiffs.

Joan Torzewski, Toledo, Ohio, for defendants.

## OPINION AND ORDER

JOHN W. POTTER, District Judge:

This matter is before the Court on the motion for summary judgment of defendants International United Automobile, Aerospace and Agricultural Implement Workers of America (International) and United Automobile, Aerospace, and Agricultural Implement Workers of America, Local 14 (Local 14); plaintiffs' opposition, defendants' reply, and plaintiffs' supplemental authority in opposition.

Defendants have moved for summary judgment on plaintiffs' duty of fair repre-

sentation claim on the grounds that (1) no duty of fair representation toward plaintiffs was breached, (2) plaintiffs' claims are barred by the applicable statute of limitations, (3) plaintiffs failed to exhaust their internal union remedies, and (4) plaintiffs' employer did not breach the collective bargaining agreement. With respect to the Landrum–Griffin claim, 29 U.S.C. § 414, based on defendants' alleged failure to provide copies of the collective bargaining agreement to plaintiffs, defendants have moved for summary judgment on the ground that the claim is barred by the applicable statute of limitations. Defendants further argue that plaintiffs' pendent state claims are preempted by federal labor law.

Under the Federal Rules of Civil Procedure, summary judgment is proper only where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The Supreme Court has recently stated that the inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.* [477 U.S. 242], 106 S.Ct. 2505, 2512 [91 L.Ed.2d 202] (1986).... In reviewing a motion for summary judgment, however, all inferences " 'must be viewed in the light most favorable to the party opposing the motion.' " *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.* [475 U.S. 574], 106 S.Ct. 1348, 1356–57 [89 L.Ed.2d 538] (1986) (quoting *United States v. Diebold, Inc.*, 369 U.S. 654, 655 [82 S.Ct. 993, 994, 8 L.Ed.2d 176] (1962)). *Ralph Shrader, Inc. v. Diamond International Corp.*, 833 F.2d 1210, 1213 (6th Cir. 1987).

The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits if any' which [he] believes demonstrate the absence of a genuine issue of material fact."

*Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). The substantive law of the case identifies which facts are material. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). Therefore, only disputes of facts affecting the outcome of the suit under the applicable substantive law will preclude the entry of summary judgment. *Id.* A moving party may discharge its burden "by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 324–325, 106 S.Ct. at 2553. Where the moving party has met its initial burden, the adverse party "must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 250, 106 S.Ct. at 2511. "[P]laintiff, to survive the defendant's motion, need only present evidence from which a jury might return a verdict in his favor." *Id.* at 257, 106 S.Ct. at 2514.

■ Considering first plaintiffs' claim that defendants breached their duty of fair representation of plaintiffs, the Court finds the motion well taken for two reasons. First, the Court finds that defendants breached no duty in negotiating either the 1984 or 1987 collective bargaining agreements in such a manner as to provide job security and seniority for long term employees of General Motors Corporation by enabling those employees with seniority dates prior to January 7, 1985 who were permanently laid off from closing plants to relocate to other plants with a "deemed seniority date" of January 7, 1985 at their new plants. The net result was that the relocated workers leaped ahead of those hired in at the new plant subsequent to the "deemed seniority date". Relocated workers who had been hired in at the old plant subsequent to January 7, 1985 kept the same seniority date they had at the old plant. In short the relocated workers were trading what may have been years of seniority at their old plants for seniority at the new plant which was slightly better than it would have been had they been new

employees of General Motors at the time they relocated.

The Supreme Court has examined the scope and duty of a unions bargaining authority and found it to be quite broad. *Ford Motor Co. v. Huffman,* 345 U.S. 330, 73 S.Ct. 681, 97 L.Ed. 1048 (1953). The *Huffman* court observed that the statutory duty of a union is to "represent all members of an appropriate unit" and "to make an honest effort to serve the interests of all of those members, without hostility to any." *Id.* at 337, 73 S.Ct. at 686. Nonetheless, the *Huffman* court also recognized that:

> [i]nevitably differences arise in the manner and degree to which the terms of any negotiated agreement affect individual employees and classes of employees. The mere existence of such differences does not make them invalid. the complete satisfaction of all who are represented is hardly to be expected. A wide range of reasonableness must be allowed a statutory bargaining representative in serving the unit it represents, subject always to complete good faith and honesty of purpose in the exercise of its discretion.

*Id.* at 338, 73 S.Ct. at 686.

Moreover, the *Huffman* court specifically approved of variations in seniority rules based on the work unit within which seniority is computed. *Id.* The Sixth Circuit has itself considered and approved a two-tiered seniority system and cautioned that courts "are careful not to substitute their judgments for those of the authorized labor organization" with regard to seniority plans. *Ratkosky v. United Transportation Union,* 843 F.2d 869 (6th Cir.1988). The *Ratkosky* court further stated that "the fact that a seniority system in a collective bargaining agreement favors one group more than another does not in itself constitute a breach of the union's duty." *Id.* at 876. The Court finds the *Ratkosky* decision quite persuasive with respect to this case. Clearly, *Ratkosky* stands for the proposition that the mere establishment of a two-tiered seniority system which favors one group more than another is insuf-ficient to establish a breach of the duty of fair representation absent a showing of bad faith or discrimination. Id. at 878–79.

The Court finds plaintiffs' reliance on *Bernard v. Air Line Pilots Ass'n,* 873 F.2d 213 (9th Cir.1989), unpersuasive. In that case, the plaintiffs, former non-union pilots of an airline merging with another airline staffed by union pilots, were shut out of the post-merger negotiations despite their requests to be involved. Further, the union failed to follow its own merger policy which required it to engage in internal negotiations with the non-union airline's pilots to resolve internal disputes before presenting its position to management. *Id.* at 215. Finally, the union in *Bernard* failed to recognize that it represented the former pilots of the non-union airline even after it was ordered to do so by the district court. *Id.* at 217. The facts of the *Bernard* case make it inapposite to this case. In short, the union's conduct in *Bernard* was tainted with discrimination against its members who were, prior to the merger, non-union. Such conduct is quite distinguishable from the conduct of defendants in this case and constitutes a breach of the duty of fair representation.

Defendants have set forth evidence that their decisions and negotiations with respect to Appendix D–1 of the collective bargaining agreement were made and carried out in good faith without discrimination. Plaintiffs have not countered that assertion with any facts which would create a genuine issue of fact on that point. Accordingly, defendants are entitled to prevail on their motion with respect to the duty of fair representation claim on the ground that no duty toward plaintiffs was breached by defendants.

However, even if plaintiffs could establish some breach of a duty by defendants, the Court finds that plaintiffs' claims are barred by the applicable statute of limitations. The Court finds as a matter of law that the applicable statute of limitations for a "bare" duty of fair representation claim is six months. *Adkins v. Electrical Workers,* 769 F.2d 330, 335 (6th Cir. 1985). Moreover, the Court finds that

plaintiffs' cause of action arose at the time plaintiffs learned of the provision of the collective bargaining agreement that they contend was the product of the defendants' failure to fairly represent them in the negotiations. In this case plaintiffs' contend that Appendix D–1 was the offending provision. Moreover, plaintiffs clearly were aware of the provision's existence by November 15, 1988 when they expressed their concerns regarding the provision to the President of defendant International. As a result, the cause of action accrued no later than that date. Plaintiffs did not file this action until June 22, 1989, and it is accordingly time-barred.

■ Finally, with respect to plaintiffs' claims under the Landrum–Griffen Act, the Court finds those claims barred by the six-month statute of limitations established for such claims in *Gardner v. Int'l Telegraph Employees Local No. 9.*, 850 F.2d 518 (9th Cir.1988). The reasoning of the *Gardner* court that the six-month statute of limitations should apply to claims for failure of a union to provide a member with a copy of the collective bargaining agreement is sensible and persuasive. In this case, plaintiffs' claims arose no later than when they actually received the copies of the agreement and learned of any possible damage resulting from their having been deprived of the copies. Plaintiffs concede that they received copies of both agreements at issue by early 1988. Accordingly, their Landrum–Griffen Act claims were filed well outside the six-month period of limitations and are time-barred.

■ Finally, with respect to plaintiffs' pendent state claims, the Court finds that the claims are preempted by plaintiffs' duty of fair representation claims because adjudication of the claims would require this Court to construe the collective bargaining agreements and the rights sought to be vindicated by plaintiffs, seniority, arise under the collective bargaining agreement if at all and not under state law. See *Allis–Chalmers Corp. v. Lueck*, 471 U.S. 202, 213, 105 S.Ct. 1904, 1912, 85 L.Ed.2d 206 (1985); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987); *Terwilliger v. Greyhound Lines, Inc.*, 882 F.2d 1033 (6th Cir.1989). Having previously found no merit to plaintiffs' duty of fair representation claims, the Court finds that defendants are entitled to prevail on their summary judgment claims.

THEREFORE, for the foregoing reasons, good cause appearing, it is

ORDERED that defendants' motion for summary judgment be, and hereby is, GRANTED.