**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 28 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KATHLEEN PAULSEN; LONNIE MORRIS; NEVA SMITH; MARCO RAMIREZ; SIMONE RIVERS; ULISES RAMIREZ; FREDI BLOOM; KUO LEW; CARMEN M. VANCE; JEFF VIRZI; JESSICA FORT; SELINA JOHNSON; MARY T. MUNDAL; ALISHA KRUPINSKEY; NUVIA EDITH URIZAR; JEFF WHITE; WARDELL ANDERSON; PATRICIA BONELI, all on behalf of themselves, and on behalf of all others similarly situated, <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> LOCAL NO. 856 OF INTERNATIONAL BROTHERHOOD OF TEAMSTERS; INTERNATIONAL BROTHERHOOD OF TEAMSTERS; JOE MARTINELLI, <br><br> Defendants - Appellees. | No. 09-15718 <br><br> D.C. No. 3:08-cv-03109-EDL <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Elizabeth D. Laporte, Magistrate Judge, Presiding

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Submitted April 13, 2010[]
San Francisco, California

Before: SCHROEDER and W. FLETCHER, Circuit Judges, and MOODY, District Judge.[***]

This is an appeal from the district court's dismissal of a putative class action by employees of the County of Marin against their Union, Teamsters Local No. 856, and related entities. Plaintiffs allege that defendants fraudulently deprived them of overtime pay and benefits by entering into a hidden deal with the County when negotiating their collective bargaining agreement.

The district court held that the International Brotherhood of Teamsters ("IBT") was not a proper defendant and that plaintiffs' federal statutory claims under the Labor Management Relations Act and the Labor Management Reporting and Disclosure Act ("LMRDA") were time-barred. The district court then dismissed the remaining state law claims for lack of jurisdiction.

On appeal, plaintiffs contend that the claims against IBT were improperly dismissed because plaintiffs properly pleaded facts to establish that Local No. 856 was the agent of IBT. They also contend that several tolling doctrines can cure

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable James Maxwell Moody, Senior United States District Judge for the Eastern District of Arkansas, sitting by designation.

their failure to file their federal statutory claims within the undisputed six-month statute of limitations. We review the district court's dismissal de novo, *N. County Commc'ns Corp. v. Cal. Catalog & Tech.*, 594 F.3d 1149, 1154 (9th Cir. 2010), and we affirm.

Plaintiffs cannot state a claim against IBT or Local No. 856 for violating any federal duty of fair representation, because the federal labor statutes do not apply to plaintiffs as public employees of a political subdivision of a state. *See* 29 U.S.C. §§ 152(2)-(3); *Ayres v. Int'l Bhd. of Elec. Workers*, 666 F.2d 441, 444 (1982). As to the state law claims of breach of fiduciary duty and fraudulent concealment against IBT, we find no basis in California law for applying the theories of unincorporated association, joint venture, or common enterprise liability to the relationship between a local and an international union. The cases on which plaintiffs rely are inapposite. *See, e.g.*, *Tenants Ass'n of Park Santa Anita v. Southers*, 272 Cal. Rptr. 361 (Cal. Ct. App. 1990) (mobile home park tenants' ability to bring suit as an unincorporated association); *Barr v. United Methodist Church*, 153 Cal. Rptr. 322 (Cal. Ct. App. 2002) (whether church was amenable to suit as an unincorporated association); *Orosco v. Sun-Diamond Corp.*, 60 Cal. Rptr. 2d 179 (Cal. Ct. App. 1997) (sufficiency of showing to support finding of joint venture); *Tran v. Farmers Group, Inc.*, 128 Cal. Rptr. 2d 728 (Cal. Ct. App.

3

2002) (common enterprise doctrine applicable to insurers and their attorneys). Because all three of the federal and state claims against IBT were properly dismissed, IBT is not a proper party to the suit, and there is therefore no basis for diversity jurisdiction under the Class Action Fairness Act. *See* 28 U.S.C. § 1332(d)(2)(A).

The only remaining federal claim is an LMRDA claim against the Local's business agent, Joe Martinelli. That claim is barred by the statute of limitations, *see Gardner v. Int'l Tel. Employee Local No. 9*, 850 F.2d 519 (9th Cir. 1987), and the amended complaint fails to allege any adequate factual grounds for tolling.

Without any remaining federal claims to support supplemental jurisdiction under 28 U.S.C. § 1367(c)(3), the district court's dismissal of the remaining state law claims was proper.

**AFFIRMED.**