817 F.2d 248
 125 L.R.R.M. (BNA) 2238, 106 Lab.Cas. P 12,410
 Virginia B. HOGAN; Patt G. Abercrombie; Joyce C. Bailey;
Calvin S. Barksdale; Darlene S. Bell; Virginia R.
Branstetter; Gail B. Candis; Larry E. Covington; Betty P.
Doss; Tommy L. Firebaugh; Jeanne F. Hall; Brenda M.
Horne; Jill W. Hurt; Frank A. Lang; Robert L. Mack;
William W. Manning; Hazel F. Maultsby; Shirley H. Minter;
John P. Pinkard; Judith B. Pinkard; Lois M. Radcliff;
Larry A. Rowe; C. Marshall Smith, III; Wallace E. Sutphin;
Rufus H. Waggoner, III; Nancy G. Wells; Paul F. Willard;
Belle S. Wyatt; Diane B. Babb; Mary T. Black; Ruby C.
Whorley; Walter G. Bandy; Sherry M. Griffith; Joyce B.
Watson; Elaine F. Parks; Ramona J. Ellis; Sara C. German;
Michael R. Hopkins; Margie P. Stinnett; Jessie T.
Swiercinski; Betty D. Sublett, and all others similarly
situated, Plaintiffs-Appellants,
v.
BROTHERHOOD OF RAILWAY, AIRLINE AND STEAMSHIP CLERKS,
FREIGHT HANDLERS, EXPRESS AND STATION EMPLOYEES;
Brotherhood of Railway, Airline and Steamship Clerks,
Freight Handlers, Express and Station Employees, ConRail
System Board of Adjustment No. 86; Brotherhood of Railway,
Airline and Steamship Clerks, Freight Handlers, Express and
Station Employees, Macarthur Lodge No. 1090; Brotherhood of
Railway Airline and Steamship Clerks, Freight Handlers,
Express and Station Employees, Cavalier Lodge No. 537,
Defendants-Appellees.
 No. 86-3976.
 United States Court of Appeals,
Fourth Circuit.
 Argued Jan. 6, 1987.
Decided March 10, 1987.
 
 Raymond John LaJeunesse, Jr. (National Right to Work Legal Defense Foundation, Inc., on brief), for plaintiffs-appellants.
 Edgar N. James (Joseph Guerrieri, Jr., John A. Edmond, Guerrieri & Sweeney, P.C., Gary E. Tegenkamp, Woodward, Fox, Wooten & Hart, Mitchell M. Kraus, Broth. of Ry. and Airline Clerks, on brief), for defendants-appellees.
 Before RUSSELL, Circuit Judge, BUTZNER, Senior Circuit Judge, and SENTELLE, United States District Judge for the Western District of North Carolina, sitting by designation.
 PER CURIAM:
 
 
 1
 This is a class suit by certain long-time employees of the Norfolk and Western Railway (N & W) and its parent corporation, Norfolk Southern Corporation. At the time of their employment the employees had a collective bargaining contract with the Brotherhood of Railway, Airline and Steamship Clerks, Freight Handlers, Express and Station Employees (BRAC). Under this contract, all employees covered by the collective bargaining agreement were required to join BRAC. The employees allege that they joined the Union solely because of this requirement.
 
 
 2
 Under Union Rule 5, members of the Union were subject to discipline for violating a picket line arising out of a strike endorsed by the Union. In September 1982, while they were members of BRAC, the plaintiffs crossed a picket line established about their place of work and performed their regular duties. The local Union with which they were affiliated disciplined them by fining them $100 each plus depriving them of all lodge benefits and privileges for one year. The employees did not pursue any internal appeals process within BRAC against these fines and penalties. Instead, they filed suit against the Union in federal district court seeking declarative and injunctive relief. The basis of their complaint was their allegation that BRAC had not given them adequate notice of their option to pay an agency fee in lieu of joining the Union, and their assertion that they would never have joined BRAC (and thus not been subject to discipline) had they known of this option.
 
 
 3
 The Union defended the suit on the ground that the action was barred by the applicable limitation statute and by the failure to exhaust administrative remedies. After discovery, the district judge granted summary judgment in favor of the Union both on the limitation ground and on the failure to exhaust administrative remedies, 629 F.Supp. 1166. This appeal by the plaintiffs followed. We affirm.
 
 
 4
 The issues in the case are not substantially in dispute. It is conceded that since Railway Employees' Department v. Hanson, 351 U.S. 225, 76 S.Ct. 714, 100 L.Ed. 1112 (1956), it is permissible to condition employment of railway workers upon Union membership, but the statutory definition of Union membership for this purpose extends only to the payment of "periodic dues, initiation fees and assessments." Id. at 235, 76 S.Ct. at 720. The BRAC, obedient to that decision, has included in addenda to its collective bargaining agreement since 1966 the following provisions:
 
 
 5
 [All employees] shall as a condition of their continued employment ... become members of the organization party to this agreement representing their craft or class within sixty calendar days of the date they first perform compensated service as such employes after the effective date of this agreement, and thereafter shall maintain membership in such organization....
 
 
 6
 Any employe of [N & W] who, on the date on which compliance with the Union Shop Agreement is required, is not a member of the union representing his craft or class, or any new employe entering the service of [N & W] after the effective date of this agreement, if he would otherwise be required to be a member of a union under the Union Shop Agreement, will be deemed to have met the requirements of the Union Shop Agreement provided he pays to the union representing his craft or class the periodic dues, initiation fees and assessments (not including fines and penalties) uniformly required of all members of such union within the time limits provided for in the Union Shop Agreement.
 
 
 7
 Every member of the Union, including the plaintiffs, was mailed a copy of this agreement with the addenda. Moreover, a consent agreement in a suit involving the same contract was entered on July 20, 1982, in the district court in which this action was pending. That action established the right of a union member covered by the collective bargaining agreement in this case to resign and withdraw from the Union. The court's decision in that case also was reported in at least one local newspaper article.
 
 
 8
 Whatever may have been the understanding of the plaintiffs at the time they were initially employed, it seems plain that since 1966 the Union has given the plaintiffs notice of their rights. If they were dissatisfied with their membership in the Union, they had an avenue for termination of the relationship or even for return of part of their Union fees. See Beck v. Communications Workers of America, 776 F.2d 1187 (4th Cir.1985), aff'd, 800 F.2d 1280 (4th Cir.1986) (en banc). It will not do for the plaintiffs to respond simply that they didn't read the collective bargaining agreement with its addenda. The plaintiffs failed to avail themselves of their right to withdraw from the Union before violating the rules of the Union or to restrict their Union payments to the actual costs of collective bargaining itself. They chose voluntarily to remain listed as Union members and to pay Union dues. They did this without objection until they were noticed for disciplining for violation of Union rules. It was too late then to seek to deny Union membership and responsibility. Any attempt at withdrawal after that violation could not immunize the plaintiffs from reasonable discipline within the Union rules for the violation.
 
 
 9
 Moreover, any right of action based on a claim that they had been illegally coerced into joining the Union as a condition of employment accrued in any event when the plaintiffs received notice of the termination of such coercion. This notice was received within a reasonable time, if not after the plaintiffs received copies of the collective bargaining agreement with its addenda, certainly after they knew or should have known of the judicial determination of their right to withdraw from the Union. That right was established in a decision which it is safe to assume the plaintiffs knew of for more than six months before they were noticed for disciplining which was the first time they asserted any possible right to disavow Union membership. Since the applicable statute of limitations is six months under the rule of Del Costello v. Teamsters, 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983), any claim based on such alleged coercion would be clearly barred.
 
 
 10
 The judgment of the district court is accordingly
 
 
 11
 AFFIRMED.