Clyde **CAUSEY, et al., Plaintiffs,**

v.

**LOCAL 1323, UNITED AUTOMOBILE, AEROSPACE AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA, UNITED AUTO WORKERS; International Union, United Automobile, Aerospace and Agricultural Implement Workers of America, United Auto Workers, Defendants.**

**Civ. A. No. 4:86–1850–0.**

United States District Court,
D. South Carolina,
Florence Division.

July 14, 1989.

Allan R. Holmes, Terry A. Rickson and Joseph W. Cabaniss, Charleston, S.C., for plaintiffs.

Robert S. Giolito, Atlanta, Ga., and Thomas H. Rubillo, Georgetown, S.C., for defendants.

## ORDER

PERRY, District Judge.

This matter is before the court upon the motions of the defendants for summary judgment and to strike plaintiffs' jury demand. A hearing on this matter was held August 31, 1988. For the reasons set forth below, defendants' motion for summary judgment is granted.

### I.

Plaintiffs consist of over fifty (50) South Carolina residents who were employed by the Conway Plant of Wolverine Brass Works and were members of the United Auto Workers union. Defendant, Local 1323, United Automobile, Aerospace, and Agricultural Implement Workers of America, United Auto Workers (Local 1323) is an unincorporated association which represented employees at the Wolverine Plant.

Defendant, International Union, United Automobile, Aerospace, and Agricultural Implement Workers of America, and United Auto Workers (International Union) is also an unincorporated association representing employees in industry affecting commerce. Defendant International Union maintains the charter under which Defendant Local 1323 is governed and is the exclusive bargaining agent for employees of plaintiffs' bargaining unit.

On or about February 1, 1985, a contract was being negotiated between the defendants and plaintiffs' employer, Wolverine Brassworks. The defendants represented plaintiffs in the contract negotiations. The parties failed to reach an agreement and in May, 1985, plaintiffs' contract expired. The defendants then filed unfair labor practice charges with the National Labor Relations Board (NLRB) alleging that plaintiffs' employer had unlawfully failed to provide certain information requested by the defendants. Plaintiffs went on strike on June 18, 1985 and their employer immediately hired replacement employees. Claude "Poncho" Pereira was the Union representative who initially participated in the contract negotiations on behalf of plaintiffs. Pereira died on August 2, 1985 and was replaced by International Representative Herb Butler.

Following unsuccessful negotiations to end the strike, plaintiffs voted to end the strike on January 14, 1985. In February, 1986 a contract which was essentially the same as the contract which plaintiffs had been offered prior to the strike was executed. The central difference in the contract which plaintiffs accepted was that it provided that the plaintiffs would only be re-employed on the basis of seniority as jobs became available. Thereafter, in April, 1986, the Union was decertified in a National Labor Relations Board sponsored election.[1]

Plaintiffs filed this action on July 10, 1986, seeking damages due to their loss of employment. In January, 1987, plaintiffs brought an internal union appeal under the United Auto Workers' (UAW) Constitution. The Union's International Executive Board dismissed plaintiffs' internal appeal as untimely. Plaintiffs then sought an extension of the 30–day time limit from the International Union President. The President declined to grant plaintiffs' request for an extension. Plaintiffs then appealed the International President's decision to the Public Review Board who upon review declined to overrule the International President's decision.

In this action, plaintiffs allege that the Unions have breached their duty of fair representation.[2] Plaintiffs also allege that defendants "deprived plaintiffs of their right to vote on agreements as guaranteed under the Defendants' Constitutions and By–Laws in violation of a 101(a)(1) of the Labor Management Relation and Disclosure Act (L.M.R.D.A.), 29 U.S.C. § 411(a)(1)" and allege a state tort cause of action based upon alleged fraud and misrepresentation.[3]

Plaintiffs seek an award of actual and punitive damages, as well as costs and attorneys' fees arising from the alleged wrongful acts. Defendants have moved for summary judgment and have moved to strike plaintiffs' jury demand.

In determining whether to grant a motion for summary judgment pursuant to Rule 56(b) of the Federal Rules of Civil Procedure the court must view the facts and other evidence in the light most favorable to the nonmoving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962); *Terry's*

---

1. A vote of Wolverine employees, both those currently working and those who had been on strike decertified the Unions as the employees' bargaining representative.

2. Specifically plaintiffs allege that the defendants misrepresented to plaintiffs that they would be guaranteed return to their jobs if they rejected a proposed collective bargaining agreement and participated in a strike to be called by defendants. Plaintiffs contend that this "guarantee" was made.

3. The court declines to discuss plaintiffs' pendent state law claims since plaintiffs conceded, during oral argument on August 31, 1988, that these claims were pre-empted.

*Floor Fashions, Inc. v. Burlington Industries, Inc.,* 763 F.2d 604 (4th Cir.1985). Summary judgment is appropriate only when the record before the court demonstrates that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). The moving party has the burden of showing the absence of a genuine issue of material fact. *United States v. Diebold,* 369 U.S. at 655, 82 S.Ct. at 994. Rule 56(e) provides that a party opposing a properly supported motion for summary judgment may not rest on the mere allegations of his pleading but must set forth or point to specific facts showing that there is a genuine issue of fact for trial. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

## II.

As one basis for summary judgment, defendants allege that plaintiffs' causes of action based on breach of duty of fair representation and violation of § 101(a)(1) of the L.M.R.D.A., 29 U.S.C. § 411(a)(1) are barred by the statute of limitations.

■ The duty of fair representation obligates unions to represent fairly interests of all members of bargaining units and is breached only when conduct of the union is arbitrary, discriminatory, or in bad faith. *International Brotherhood of Electrical Workers v. Foust,* 442 U.S. 42, 99 S.Ct. 2121, 60 L.Ed.2d 698 (1979); *Vaca v. Sipes,* 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967). Simple negligence, ineffectiveness, or poor judgment is insufficient to establish a breach of the union's duty of fair representation. *Smith v. Local 7898, United Steelworkers of America,* 834 F.2d 93, 96 (4th Cir.1987).

■ The United States Supreme Court held in *Del Costello v. International Brotherhood of Teamsters,* 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983) that claims of breach of duty of fair representation against a Union are subject to the six months statute of limitations applicable to unfair labor practices claims under § 10(b) of the National Labor Relations Act, 29 U.S.C. § 160(b). The action accrues when the plaintiff discovers or in the exercise of reasonable diligence should have discovered the acts constituting the violation. *Smith v. Local 7898, United Steelworkers, supra; see also Hogan v. Brotherhood of Railway Clerks,* 817 F.2d 248 (4th Cir. 1987).

Plaintiffs' claim of breach of the unions' duty of fair representation alleges that the defendants "arbitrarily, discriminatorily, and bad faith, breached fiduciary duties, including duties of fair representation." Plaintiffs assert that "on or about March 11, 1985" defendants' representatives represented *inter alia* to the plaintiffs that plaintiffs' employer had committed unfair labor practices in the course of its negotiation with the defendants and that plaintiffs would be "guaranteed" their jobs if they struck. Based upon these representations, plaintiffs assert they went on strike.

■ Defendants' contend that on August 12, 1985, their representative told the plaintiffs that the NLRB had "turned down" the defendants' unfair labor practice charges, and that they were appealing the NLRB's determination. Defendants further contend that even if defendants' representative did make the representations that plaintiffs have asserted were made at the March 11, 1985 meeting that, on August 29, 1985, defendants' representative, Butler, told the plaintiffs that there were "no promises" or "guarantees" regarding the outcome of the strike and that the plaintiffs were on an "economic strike." Defendants assert that Butler also informed the plaintiffs that the Unions would have to "negotiate the [plaintiffs] jobs back."[4] Accordingly, defendants contend that the plaintiffs' time to initiate suit began to run on March 11, 1985 when the alleged misrep-

---

**4.** If the NLRB had found that the plaintiffs were on strike because of unfair labor practices, rather than on an economic strike, the plaintiffs would have been "guaranteed" their jobs back at the conclusion of the strike.

resentations occurred or in any event no later than the August 29th meeting when plaintiffs learned that there were no "guarantees" in the strike.

Plaintiffs, however, assert that their cause of action did not accrue until they knew exactly what their damages would be. Plaintiffs contend, therefore, that their cause of action arose on or about January 14, 1986, the date the strike ended and the date that the "guarantee" that they could return to their jobs was not fulfilled. Plaintiffs filed suit on or about July 10, 1986 which was within six month statute of limitations period if plaintiffs' cause of action did not arise until January 14, 1986. Thus a factual dispute exists as to when the plaintiffs had the necessary information as to the status of the law to know that they had been misrepresented.

Viewing the evidence in the light most favorable to the plaintiffs, the non-moving parties, the court does not find it unreasonable for the plaintiffs to believe that the defendants were continuing to support them and that they would get their jobs back when the strike was over. It cannot be determined that the plaintiffs knew or should have known, as the defendants assert, that they would not get their jobs back at the conclusion of the strike. The court, therefore, agrees that the plaintiffs' cause of action arose on or about January 14, 1986. Thus the defendants' argument that they are entitled to summary judgment based on the statute of limitations is overruled.

Defendants also seek summary judgment as to plaintiffs' cause of action based upon violation of § 101(a)(1) of the L.M.R.D.A., 29 U.S.C. § 411(a)(1). This section is meant to guarantee union members "equal rights to vote and otherwise participate in union decisions ...;" *Finnegan v. Leu,* 456 U.S. 431, 436, 102 S.Ct. 1867, 1870, 72 L.Ed.2d

239 (1982). The time limit for bringing an action under 29 U.S.C. § 411(a)(1) is six months. *Reed v. United Transportation Union,* 828 F.2d 1066 (4th Cir.1987). For the reasons previously stated, defendants' motion for summary judgment based upon the statute of limitations regarding plaintiffs' cause of action for violation of the L.M.R.D.A. is hereby denied.[5]

### III.

■ Defendants next contend that they are entitled to summary judgment on plaintiffs' claims for breach of duty of fair representation and violation of § 101(a)(1) of the L.M.R.D.A. based upon plaintiffs' failure to exhaust their internal union remedies. As a general rule, when a union has established an internal administrative procedure capable of providing complete and adequate relief as to disputes with the union, the union members must exhaust that remedy before filing suit. *Clayton v. International Union,* 451 U.S. 679, 101 S.Ct. 2088, 68 L.Ed.2d 538 (1981).

■ Here, there is no dispute that the defendants have established an internal union remedy that plaintiffs could have pursued.[6] Article 33 of the U.A.W. Constitution provides that it is the duty of any Union member aggrieved by any union action to exhaust the Union's internal procedure prior to filing any civil suit.[7] Under the UAW procedures, any member has a right to appeal any action or decision of an International Representative. Such an appeal is made first to the UAW International Executive Board and if not resolved there, can be submitted to either the Convention Appeals Committee or the Public Review Board. The appeal must be filed within 30 days, which time limit begins to run from the time the appellant first becomes aware, or reasonably should have become aware, of the alleged action or decision. Article 33

---

**5.** The court denies defendants' motion for the reasons espoused in denying defendants' motion, based on the statute of limitations, regarding plaintiffs' claim based on breach of duty of fair representation.

**6.** The Union's internal remedies are contained in its Constitution. At the top of the appeals

procedure is the Union's Public Review Board. The Board is totally independent composed of professionals, educators, and lawyers.

**7.** Here, plaintiffs filed their civil action prior to invoking the internal administrative procedures of the Unions.

of the U.A.W. Constitution also provides that the International President may waive the time for filing an appeal if warranted by the circumstances.

Here, plaintiffs argue on one hand that they have exhausted their internal union remedies and on the other hand ask the court to exercise its discretion and excuse their failure to exhaust. Plaintiffs' argument that they have exhausted their internal union remedies appears to be premised on the fact that they initiated an internal appeal to the International Union in January, 1987 which was ultimately found to be untimely. Based upon these actions, the plaintiffs appear to argue they have exhausted their internal union remedies and should be allowed to proceed with this action.

The court, however, finds no merit in this argument. Plaintiffs should have exhausted their internal union remedies prior to filing the instant action in order to allow the union the opportunity to correct any wrong they might have committed rather than filing suit and then, almost six months later, attempting to invoke the unions' internal remedies. *Wiglesworth v. Teamsters Local 592*, 552 F.2d 1027 (4th Cir. 1976).

 Exhaustion of internal union remedies is not required, however, when complete relief cannot be obtained through the appeals procedure. *Clayton v. International Union, supra.* In *Clayton*, the Court listed "at least three factors," the existence of which would allow a court to excuse an employee's failure to exhaust.

First, whether union official are so hostile to the employee that he could not hope to obtain a fair hearing on his claim; second, whether the internal union appeals procedures would be inadequate to reactivate the employee's grievance or to award him the full relief he seeks; and third, whether exhaustion of internal procedures would unreasonably delay the employee's opportunity to obtain a judicial hearing on the merits of his claim.

*Clayton v. International Union, supra* 451 U.S. at 689, 101 S.Ct. at 2095.

Plaintiffs defend their failure to exhaust the unions' internal remedies on two grounds. First they assert that resort to the unions' internal remedies would have been futile because a union representative allegedly told plaintiffs that the unions could do nothing more for them; and second, resort to the internal union remedies would cause plaintiffs to risk missing the statute of limitations.

 Plaintiffs' first allegation—that they were told by a union representative that the union could do nothing more for them—is without merit. Allegations of ignorance and reliance on misleading statements from union representative are not sufficient to avoid the defense of failure to exhaust union remedies. *Newgent v. Modine*, 495 F.2d 919 (7th Cir.1974); *Miller v. General Motors Corp.*, 675 F.2d 146 (7th Cir.1982). Union members are under a contractual obligation to be familiar with the union's constitution. *Newgent v. Modine, supra* at 927–928; *Fristoe v. Reynolds Metals*, 615 F.2d 1209 (9th Cir.1980); *Oliver v. Chesapeake & Potomac Tel. Co. of Virginia*, 124 L.R.R.M. 2555 (E.D.Va.1986).

Plaintiffs' second argument, that they should be excused from exhausting their internal remedies because they were concerned that by delaying to file their civil suit they risked missing the statute of limitations, is similarly without merit. Plaintiffs have provided the court with no evidence whatsoever in support of their contention that resort to the internal appeals process would have been unduly time-consuming and caused them to possibly miss the statute of limitations period. *See Dezura v. Firestone Tire & Rubber Co.*, 470 F.Supp. 121 (E.D.Pa.1979).

Furthermore, Article 33 of the UAW Constitution appears to set forth a reasonable expeditious procedure for the adjudication of internal union appeals.

In sum none of plaintiffs' arguments adequately explain their failure to engage the unions' internal appeals procedure. The court, therefore, finds that the plaintiffs have failed to exhaust their internal union remedies as set forth in the United Auto

Workers' Constitution. Accordingly, the defendants' motion for summary judgment on the claims of unfair representation and violation of § 101(a)(1) of the L.M.R.D.A. is granted.

### IV.

For the reasons stated above, defendants' motion for summary judgment is granted.[8]

IT IS SO ORDERED.

---

**8.** The court, therefore, finds no need to discuss defendants' motion to strike plaintiffs' jury de-
mand.